This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41639**

**STATE OF NEW MEXICO,**

>      Plaintiff-Appellee,

v.

**MATTHEW PAUL BURCHFIELD**
**a/k/a MATTHEW BURCHFIELD,**

>      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

The Law Office of Scott M. Davidson, Ph.D., Esq.
Scott M. Davidson
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we dismiss for the following reasons.

**BACKGROUND**

**{2}**     Defendant entered an unconditional plea of no contest to one count of sexual exploitation of children (possession), contrary to NMSA 1978, Section 30-6A-3(A) (2016); and one count of child solicitation by electronic communication device, contrary to NMSA 1978, Section 30-37-3.2 (2007). Following the entry of the judgment and sentence, Defendant filed the instant appeal.

**DISCUSSION**

**{3}**     Defendant argues that his unconditional plea was not knowing and voluntary because the colloquy was insufficiently clear and explicit, relative to the impact upon his constitutional right to bear arms. [BIC 23-43] In light of the alleged inadequacies, Defendant contends that "the plea is invalid as a matter of law, [and] the judgment and sentence are void." [BIC 23] Defendant seeks reversal of his convictions on that basis. [BIC 43]

**{4}**     We conclude that the instant appeal is not properly before us, for two reasons. First, Defendant entered an unconditional plea. "[A] plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State Chavarria*, 2009-NMSC-020, ¶ 9, 146 N.M. 251, 208 P.3d 896 (internal quotation marks and citation omitted).

**{5}**     Second, the alleged error was not preserved, by challenging the plea in district court through a motion to withdraw or otherwise. [BIC 25] Insofar as Defendant's arguments are clearly directed at the validity of his plea, this is significant. "[I]f a defendant fails to file a motion to withdraw a plea in the district court, he or she cannot attack the plea for the first time on direct appeal" and instead must seek relief in collateral proceedings. *State v. Andazola*, 2003-NMCA-146, ¶ 25, 134 N.M. 710, 82 P.3d 77; *see also State v. Dominguez*, 2007-NMSC-060, ¶ 14, 142 N.M. 811, 171 P.3d 750 (holding that the defendant failed to preserve his objection to his guilty plea because he failed to move to withdraw his plea in district court).

**{6}**     In view of the foregoing considerations, we conclude that Defendant is limited to raising his arguments in collateral proceedings such as habeas corpus; there is nothing for us to review, and the appeal must be dismissed. *See Andazola*, 2003-NMCA-146, ¶ 25; *Chavarria*, 2009-NMSC-020, ¶ 18.

**CONCLUSION**

**{7}**     Accordingly, we dismiss.

**{8}**     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**